## No. 218.

### B. E. FISHER *v.* J. ULLMAN.

1. Where counsel have not agreed upon a statement of facts, and both sides have presented their versions of what the facts are; held, in such a case, the Judge *a quo* must determine what are really the facts, and certify accordingly.
2. Where, therefore, the Judge *a quo* in such a case, sends up the following certificate: "I have examined both the statements of fact, and I find in them nothing contradictory, I therefore sign them, although I have no recollection of the evidence, or of the grounds of my decision," this Court will not consider such a document as a lawful statement of facts.
3. Where counsel cannot agree, and the Judge *a quo* has no recollection, as in this case, there can be no proper and lawful statement of facts.
4. Where, in such a case, the appellant has made every effort, within a short period after the rendition of judgment, to secure his statement, and he is not in fault, the cause must be remanded.

*Appeal from the Civil District Court, Division B.   Houston, J.*

*W. S. Benedict* and *B. McCloskey,* for plaintiff, appellant.

*Braughn, Buck & Dinkelspiel,* for defendant.

ROGERS, J.—This case being under $500, comes before us on question of law.

The counsel for plaintiff proposed what they deemed a statement of facts, found on the trial, and defendant's counsel has also proposed a statement of facts containing their views. These statements were furnished the District Judge who says: "I have examined both the statements of fact, and I find in them nothing contradictory. I, therefore, sign them, although I have no recollection of the evidence or of the grounds of my decision."

When the parties do not agree upon a statement of facts, it becomes the duty of the Judge, as a matter of necessity, to propose such a statement. The law contemplates, therefore, that the statement by the Judge must be made from his recollection of the testimony, and when he states he has no recollection of the evidence, when separate statements are presented by the parties, it follows, that he is no longer competent of certifying from his own memory the facts established before, and upon which his

judgment was predicated. See Ship et al. vs. Cuny et al., 9 Martin La. 91.

The appellant in this case made his efforts to secure a statement of facts in a very short period after the rendition of the judgment.

It does not seem to have been his fault, that no agreement as to the facts was effected between himself and his opponent, and he was certainly not responsible for the inability of the Judge to remember the facts. He, therefore, should not be prejudiced, and as we cannot consider the case as it now stands, we deem it just that the case should be again tried in the lower court.

It is, therefore, ordered that the judgment appealed from be set aside, and the case remanded for a new trial.

The costs of this appeal to decide the final determination of the costs.